

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN FRANKLIN JOHNSON and<br>ELIZABETH DAWN JOHNSON,<br><br>    Debtor(s).<br><br>HARVEY'S TAHOE MANAGEMENT CO.,<br>INC., dba HARRAH'S CASINO HOTEL<br>LAKE TAHOE,<br><br>    Plaintiff(s),<br><br>vs.<br><br>JOHN FRANKLIN JOHNSON and<br>ELIZABETH DAWN JOHNSON,<br><br>    Defendant(s). | Case No. 05-27398-B-7<br><br>Chapter 7.<br><br><br><br><br>Adv. No. 05-2322-B<br><br>D.C. No. RGA-6 |

MEMORANDUM ON PLAINTIFF'S MOTION
FOR ENTRY OF JUDGMENT BY DEFAULT

    Before the court is the Plaintiff's Motion For Entry Of Judgment By Default filed September 24, 2007 (Dkt. 97)(the "Ex Parte Motion"). The above-captioned bankruptcy case was filed June 16, 2005. The complaint commencing this adversary proceeding was filed September 1, 2005 (Dkt. 1). It contains one claim for relief under 11 U.S.C. § 523(a)(2)(A) and 523(a)(2)(B).

    The transactions on which the complaint is based occurred on April 20 and 21, 2002, more than three years before the

1 | bankruptcy filing.[1]

2 | The complaint alleges, in essence, that on April 20 and 21, 2002, Defendant John Franklin Johnson ("J. Johnson") borrowed a total of $275,000.00 from Plaintiff, $257,000.00 of which he did not repay. J. Johnson apparently borrowed the total amount of $275,000.00 in four transactions, the first transaction, for $125,000.00, occurring on April 20, 2002 and three additional transactions, each in the amount of $50,000.00, occurring on April 21, 2002. The complaint further alleges, and the Declaration of Thomas Schneeberg ("Schneeberg Decl.") submitted with the Ex Parte Motion confirms, that J. Johnson borrowed the $275,000.00 for the purpose of gambling at Plaintiff's casino. One may presume that J. Johnson's luck was bad, and that he lost the entire $275,000.00 gambling at Plaintiff's casino.

The transactions apparently occurred in the following fashion. J. Johnson applied to Plaintiff for credit. When J. Johnson applied to Plaintiff for credit is not specifically disclosed; however, the Schneeberg Decl. states that "the transactions, circumstances, and events which give rise to Plaintiff's cause of action occurred on April 20, 2002 and April 21, 2002." Accordingly, the court concludes that J. Johnson applied to Plaintiff for credit on April 20, 2002. In response to J. Johnson's application, also on April 20, 2002, Plaintiff investigated J. Johnson's credit by obtaining an Experian Credit

---

[1] The presumptions contained in § 523(a)(2)(C)(i)(A)(I) and (II) are therefore inapplicable, regardless of the nature of the debts incurred.

Report and a Central Credit Report.  Plaintiff determined that J. Johnson had a credit account with Monte Carlo Hotel & Casino, Las Vegas, Nevada, which J. Johnson had used and paid in full, that J. Johnson was currently employed and that J. Johnson maintained a balance in excess of $100,000.00 in an account at PNC Bank. Based on its investigation, on April 20, 2002, Plaintiff established a line of credit for J. Johnson in the amount of $275,000.00.  J. Johnson drew on the line of credit by tendering drafts payable to cash drawn on his account at PNC Bank.  As set forth above, on April 20, 2002 J. Johnson tendered to Plaintiff a draft for $125,000.00.  On April 21, 2002, J. Johnson tendered to Plaintiff three drafts, each for $50,000.00.  In exchange for each of the four drafts, Plaintiff provided gaming tokens (chips) totaling the amount of the draft to J. Johnson.  J. Johnson used these gaming tokens (chips) to gamble, unsuccessfully, at Plaintiff's casino.  The complaint further alleges that each of the four drafts was later returned by PNC Bank, annotated "account closed."

In order to obtain judgment on the complaint under 11 U.S.C. § 523(a)(2)(A), plaintiff must establish five elements, each by a preponderance of the evidence.  The elements are:
(1) that the debtor made one or more false representations;[2]

---

[2] The standard set forth in Eashai and the cases on which it relied does not include the word "false" in element (1). However, element (2) (knowledge of the falsity of the representation) makes no sense unless the representation was false.  See In re Rountree, 478 F.3d 215, 218 (4th Cir. 2007)("The court considered all five elements of fraud [under 11 U.S.C. § 523(a)(2)(A)]-(1) false representation, (2) knowledge

-3-

(2) that at the time the representation(s) were made, the debtor knew it was or they were false;

(3) that the debtor made the representation(s) with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on the representation(s); and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representation(s) having been made. Citibank South Dakota, N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1086-1087 (9th Cir. 1996).

Federal Rule of Bankruptcy Procedure ("FRBP") 7008, incorporating Federal Rule of Civil Procedure ("FRCP") 8(d) provides "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."  However, this is a default situation:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. [FN1] "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted).

---

that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages...."). See also Fanucchi & Limi Farms v. United Agri Products, 414 F.3d 1075, 1088 (9th Cir. 2005)("'Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.' Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir.2003) (internal quotation and citation omitted)."

    Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977). The district court exceeded the requirements of the rule by taking extensive evidence on all allegations in the complaint including damages.

    FN1. Rule 55(b)(2) in pertinent part reads: If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987).

    In addition, a party is not entitled to judgment simply because no one opposes. All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 88 (9th Cir. B.A.P. 2007)("...default does not entitle a plaintiff to judgment as a matter of right or as a matter of law.").

    The Ex Parte Motion is accompanied by a memorandum of points and authorities that cites only one case - In re Basham, 106 B.R. 453 (Bankr. E.D. Va. 1989). The complaint also includes a citation to In re Poskanzer, 143 B.R. 991 (D.N.J. 1992). Inexplicably, Plaintiff cites no relevant Ninth Circuit authorities.

Ninth Circuit law on 11 U.S.C. § 523(a)(2)(A) is explained in several decisions of the Ninth Circuit Court of Appeals and the Ninth Circuit Bankruptcy Appellate Panel, including <u>Citibank South Dakota, N.A. v. Dougherty (In re Dougherty)</u>, 84 B.R. 653, 657 (9th Cir. B.A.P. 1988), <u>Citibank South Dakota, N.A. v. Eashai (In re Eashai)</u>, 87 F.3d 1082, 1088 (9th Cir. 1996), <u>American Savings Bank v. Anastas (In re Anastas)</u>, 94 F.3d 1280, 1285 (9th Cir. 1996), <u>American Express Travel Related Services Co., Inc. v. Hashemi (In re Hashemi)</u>, 104 F.3d 1122 (9th Cir. 1997), <u>Household Credit Services, Inc. v. Ettell (In re Ettell)</u>, 188 F.3d 1141 (9th Cir. 1999) and <u>Advanta National Bank v. Kong (In re Kong)</u>, 239 B.R. 815 (9th Cir. B.A.P. 1999).

Plaintiff has addressed none of the foregoing cases, nor has Plaintiff addressed any Ninth Circuit cases dealing with 11 U.S.C. § 523(a)(2)(B). Plaintiff has not cited or analyzed <u>Williams v. United States</u>, 458 U.S. 279, 284, 102 S.Ct. 3088, 3091, 73 L.Ed2d 767 (1982)("Although petitioner deposited several checks that were not supported by sufficient funds, that course of conduct did not involve the making of a 'false statement,' for a simple reason: technically speaking, a check is not a factual assertion at all, and therefore cannot be characterized as 'true' or 'false.'"). Plaintiff has not analyzed the facts of this case in the context of the relevant authorities.

//
//
//

For the foregoing reasons, the Ex Parte Motion will be denied without prejudice.  The court will issue a separate order.

Dated: NOV 20 2007

                                                */s/ Thomas C. Holman*
                                      United States Bankruptcy Judge

Case 05-02322   Filed 11/20/07   Doc 101

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Harvey's Tahoe Management Co., Inc.<br>c/o Robert G. Aisenstein<br>2114 Fountain Springs Dr<br>Henderson, NV 89074 | John Franklin Johnson<br>793 S Tracy Blvd #194<br>Tracy, CA 95376 | Elizabeth Dawn Johnson<br>793 S Tracy Blvd #194<br>Tracy, CA 95376 |
| Office of the U.S. Trustee<br>501 I St #7-500<br>Sacramento CA 95814 | | |

DATED: 11/21/07     By: _____
                        Deputy Clerk
                        Jennifer Jahnsen

EDC 3-070 (New 4/21/00)